NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 5 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HECTOR TELLES SAAVEDRA, | No. 21-891 |
| Petitioner, | Agency No. A216-554-222 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 3, 2023**
Pasadena, California

Before: GRABER, MENDOZA, and DESAI, Circuit Judges.

Hector Telles Saavedra, a native and citizen of Mexico, seeks review of a

decision by the Board of Immigration Appeals ("BIA") dismissing his appeal from

a decision by an immigration judge ("IJ") denying cancellation of removal and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

voluntary departure.

Because Telles Saavedra challenges the denial of his application for cancellation of removal, our jurisdiction is limited to "review of constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D); *see also id*. § 1252(a)(2)(B)(i); *Patel v. Garland*, 142 S. Ct. 1614, 1623–27 (2022). Telles Saavedra argues that the immigration court proceedings violated his due process rights because he did not understand the nature of the proceedings and the IJ failed to properly develop the record.

To establish a due process violation, Telles Saavedra must show that "the proceeding was 'so fundamentally unfair that [he] was prevented from reasonably presenting his case'" and "prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (quoting *Platero-Cortez v. INS*, 804 F.2d 1127, 1132 (9th Cir. 1986)).

Here, the IJ aided Telles Saavedra in filling out the application for cancellation of removal and asked Telles Saavedra if he had any additional evidence. The IJ did not prevent Telles Saavedra from reasonably presenting his case. *Colmenar*, 210 F.3d at 971–72. Nor has Telles Saavedra argued that he was prejudiced.

Telles Saavedra thus raises no colorable legal or constitutional claim related to the denial of his application for cancellation of removal or voluntary departure, *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). Because our review is limited to constitutional issues and questions of law, our analysis ends there. *See* 8 U.S.C. § 1252(a)(2)(B), (D).

**PETITION DENIED.**